<u>NOT RECOMMENDED FOR PUBLICATION</u>

No. 24-6148

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
┌─────────────────────────────┐
│           FILED             │
│        Apr 23, 2025         │
│   KELLY L. STEPHENS, Clerk  │
└─────────────────────────────┘
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| JEREMY WAYNE HARRELL, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

O R D E R

Before:  NALBANDIAN, MURPHY, and RITZ, Circuit Judges.

Jeremy Wayne Harrell appeals his criminal conviction and sentence.  The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed.  *See* Fed. R. App. P. 34(a).  For the reasons below, we affirm.

Harrell is a United States Army veteran who began receiving individual-unemployability benefits from the Veterans Administration (VA) in 2011 because, among other reasons, he could not maintain employment on account of a service-related disability.  In 2019, he founded and became the chief executive officer of a nonprofit called the Veterans Club, Inc.  In 2024, a jury convicted Harrell of theft of government funds for lying about his ability to work in order to fraudulently receive disability benefits.  The district court sentenced him to six months of imprisonment.  Later, the district court amended the judgment, ordering restitution of over $200,000.  The court later imposed a forfeiture order of over $100,000.

On appeal, Harrell makes four arguments:  (1) the evidence was insufficient to support his conviction; (2) the district court erred in calculating the loss amount; (3) the district court abused

its discretion in ordering restitution; and (4) the district court lacked jurisdiction to impose forfeiture.

We review de novo a defendant's challenge to the sufficiency of the evidence, "asking 'whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Sittenfeld*, 128 F.4th 752, 767 (6th Cir. 2025) (quoting *United States v. Emmons*, 8 F.4th 454, 477-78 (6th Cir. 2021)).

"In order to convict someone of theft of government property under [18 U.S.C.] § 641, the government must prove that a defendant: '(1) knowingly (2) stole or converted to the use of another (3) something of value of the United States.'" *United States v. Osborne*, 886 F.3d 604, 608 (6th Cir. 2018) (quoting *United States v. Forman*, 180 F.3d 766, 769 (6th Cir. 1999)).

Harrell argues only that the government did not present enough evidence of the first element: that he acted knowingly. In response, the government cites the nonprofit's tax filings, in which Harrell claimed that he worked 60 hours a week. The government contrasts this evidence with Harrell's statements to several people and entities—the VA, the nonprofit's tax preparer, the Social Security Administration, and his own expert witness—in which he gave varying accounts of how much less time he volunteered, as well as his restricted day-to-day activities and abilities. The government argues that Harrell's repeated misrepresentations showed that he knew that he was wrongfully obtaining disability benefits. We agree. These "acts of concealment" could have led a reasonable jury to believe that his actions were "not merely inadvertent, but fraudulent." *United States v. Maddux*, 917 F.3d 437, 444 (6th Cir. 2019). This is all the more so because intent is a question "of fact to be resolved by the trier of the facts . . . and the determination thereof should not be lightly overturned." *United States v. Robinson*, 99 F.4th 344, 357 (6th Cir. 2024) (ellipses in original) (quoting *United States v. Daniel*, 329 F.3d 480, 487 (6th Cir. 2003)).

Harrell also argues that his volunteer work did not meet the VA's definition for "substantially gainful employment": "employment at which non-disabled individuals earn their livelihood with earnings comparable to the particular occupation in the community where the Veteran resides." But, as the government argued, a reasonable jury could have found that Harrell

had accepted a substantial salary as the CEO of the nonprofit, given that the government put on evidence that his subordinates made up to $100,000 in salary.

Next, Harrell maintains that the district court erred when it calculated a loss amount of $207,249.26, which the court used to determine his advisory sentencing range under the United States Sentencing Guidelines.  We review those factual findings for clear error.  *United States v. Ellis*, 938 F.3d 757, 761 (6th Cir. 2019).  "The government must prove the loss amount attributable to a defendant by a preponderance of the evidence."  *United States v. Iossifov*, 45 F.4th 899, 925 (6th Cir. 2022).

Harrell argues that the district court included the benefits that he received from January 2019 to August 2024, rather than September 2022 to October 2023.  But, as the government notes, several types of evidence showed that Harrell was fraudulently receiving benefits in 2019, including the nonprofit's tax returns, his own social media posts, his media appearances, and witness testimony.  Harrell also claims that the district court should not have included benefits that he received after his indictment.  Yet the government put on evidence that he continued to receive those benefits through the trial only because he requested a hearing on the proposed termination of benefits.  Thus, the district court did not clearly err in finding that the post-indictment benefits were "reasonably foreseeable pecuniary harm that resulted from the offense."   U.S.S.G. § 2B1.1(b)(1)(C)(i).   Finally, Harrell asserts that the district court erred by including the Dependents' Educational Assistance benefits that were paid to his wife and daughter, arguing that he did not apply for them.  But those benefits were available only because Harrell fraudulently qualified for disability benefits, and so the district court did not clearly err in finding that they too were a reasonably foreseeable harm from his crime.

Harrell's third argument is that the district court erred in calculating his amount of restitution, citing the above reasons.  But we will not consider this argument.  As the government notes, Harrell filed his notice of appeal after his sentencing judgment.  Yet the district court imposed restitution in a later amended judgment, from which Harrell has not appealed.  This was precisely the situation in *Manrique v. United States*, 581 U.S. 116, 125 (2017), which held "that a

defendant who wishes to appeal an order imposing restitution in a deferred restitution case must file a notice of appeal from that order."

In his reply brief, Harrell argues that he may not have been represented by counsel when the district court issued the amended judgment and during the window to timely appeal it. But "[t]he requirement that a defendant file a timely notice of appeal from an amended judgment imposing restitution is at least a mandatory claim-processing rule," *id.* at 121, and "[w]hen 'properly invoked,' mandatory claim-processing rules 'must be enforced,'" *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (quoting *Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17, 20 (2017)). Because the government invoked the rule here, it is "unalterable." *Manrique*, 581 U.S. at 121 (quoting *Eberhart v. United States*, 546 U.S. 12, 15 (2005) (per curiam)). Moreover, Harrell's ineffective-assistance argument is undeveloped: he claims that "it does not appear that [he] was represented by counsel" at the relevant time, that the "record and timeline is confusing concerning the restitution issue," and that basic facts, like whether he received notice of the amended judgment, are unclear. "We typically decline to address claims of ineffective assistance on direct appeal and instead require defendants to file a postconviction motion to vacate their sentence pursuant to 28 U.S.C. § 2255." *United States v. Zheng*, 27 F.4th 1239, 1243 (6th Cir. 2022) (quoting *United States v. Hynes*, 467 F.3d 951, 969 (6th Cir. 2006)). "Section 2255 proceedings serve as the best forum for these claims because 'the record regarding counsel's performance can be developed in more detail.'" *Id.* (quoting *United States v. Lopez-Medina*, 461 F.3d 724, 737 (6th Cir. 2006)).

Harrell also argues that the district court lacked jurisdiction to file a forfeiture order. Because Harrell did not appeal from that order, and because the parties are still litigating the forfeiture issue, we decline to review this argument.

No. 24-6148
- 5 -

For these reasons, we **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk